UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAREN GORDER,

      Plaintiff,

 v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

Case No. 3:13-cv-05450-KLS

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits is AFFIRMED.

FACTUAL AND PROCEDURAL HISTORY

On May 19, 2010, plaintiff filed an application for DIB, alleging disability as of April 22, 2005, due to back injury; arthritis; sarcoidosis; injury to neck, lung and rib; hearing loss; stress and anxiety; depression; insomnia; and pain. See Administrative Record ("AR") 155-56, 185. Plaintiff's date last insured ("DLI") is December 31, 2004. See AR 181. Plaintiff's claim was denied upon initial administrative review and on reconsideration. See AR 93-97. A hearing was

ORDER - 1

held before an administrative law judge ("ALJ") on February 22, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert ("VE"). See AR 37-88.

On March 13, 2012, the ALJ issued a decision finding plaintiff not disabled. See AR 21-30. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 15, 2013, making the ALJ's decision defendant's final decision. See AR 1-7; see also 20 C.F.R. § 404.981, § 416.1481. On June 7, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF # 1. The administrative record was filed with the Court on August 14, 2013. See ECF ## 8-9. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for payment of benefits, or in the alternative additional proceedings, because the ALJ erred: (1) in finding plaintiff's arthritis to be not severe at step two; (2) in assessing plaintiff's residual functional capacity ("RFC"); and (3) in finding her to be capable of performing past relevant work. She also contends that the Appeals Council erred in denying review despite newly submitted evidence, and that the case should be remanded to allow the ALJ to consider that evidence. For the reasons set forth below, the Court disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore finds that defendant's decision should be affirmed.

## DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772

ORDER - 2

F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health and Human Servs., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.     The ALJ's Step-Two Determination

Plaintiff contends that the ALJ erred in finding that her arthritis was not a severe impairment at step two. Plaintiff points to a 2003 diagnosis (AR 265) from treating physician

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

Amira Morcos, M.D., as evidence that her arthritis was severe, and argues that the ALJ erred in failing to analyze this evidence.

A.  *Legal Standards*

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920.  If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id.  At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. §§ 404.1520, 416.920.  An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(iii) & (c), 416.920(a)(4)(iii) & (c); see also Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1.  Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b); SSR 85- 28, 1985 WL 56856, at *3.

An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856, at *3; see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988).  Plaintiff has the burden of proving that her "impairments or their symptoms affect her ability to perform basic work activities." Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).  The step-two inquiry described above, however, is a *de minimis* screening device used to dispose of groundless claims. See Smolen, 80 F.3d at 1290.

B.  *Arthritis Diagnosis*

Plaintiff argues that Dr. Morcos's arthritis diagnosis should have triggered the ALJ's

ORDER - 4

step-two analysis of this condition. It is true that Dr. Morcos's October 2003 progress note indicates that plaintiff was diagnosed with arthritis. AR 265. Nothing in this note, however, indicates that plaintiff's arthritis caused any particular functional limitation, or affected her ability to perform basic work activities. A diagnosis alone is not enough to establish a severe impairment, and neither can a claimant's subjective complaints establish severity. See 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques, and established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's description of symptoms. 20 C.F.R. §§ 404.1508, 416.908. Accordingly, Dr. Morcos's one-time reference to a bare arthritis diagnosis, without any indication that this condition was severe, is not significant, probative evidence that the ALJ needed to discuss at step two.[2] See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (ALJ is "not required to discuss evidence that is neither significant nor probative").

II.     Newly Submitted Evidence

Plaintiff argues that the evidence submitted for the first time to the Appeals Council — documents related to plaintiff's 1999 worker's compensation claim — pertain to her medical condition during the relevant period, and contradict evidence contained in the administrative record considered by the ALJ. See AR 460 (stating that agency personnel contacted Washington's Department of Labor and Industries ("L&I") to ask whether plaintiff had ever filed a worker's compensation claim, and were told that no record of a claim existed at any point in time). According to plaintiff, this new evidence should be considered by the ALJ. ECF # 10, at 10-11.

---

[2] The ALJ acknowledged Dr. Morcos's diagnosis in her summary of the medical evidence. AR 27.

ORDER - 5

A.  *Legal Standards*

Evidence that is submitted for the first time to the Appeals Council is considered by district courts when reviewing an ALJ's decision for substantial evidence.  See Brewes v. Comm'r of Social Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").  Courts lack jurisdiction to review the propriety of the Appeals Council's decision to deny review, but do include the evidence before the Appeals Council as part of the entire administrative record on review.  See Taylor v. Comm'r of Social Sec. Admin., 659 F.3d 1228, 1231-32 (9th Cir. 2011).

B.  *L&I Records*

The Appeals Council's decision denying review indicates that it considered plaintiff's L&I records, but found that they did not provide a basis for changing the ALJ's decision.  AR 2. Plaintiff offers no detailed contrary explanation, but simply suggests that the "records help support [her] symptoms and her claim for disability[.]"  ECF # 10, at 10.  The Court's review of the records suggests otherwise, however.  The L&I records establish that plaintiff sustained a foot injury on the job in January 1999, and that she returned to work in April 1999 with no permanent impairment.  See AR 715.  These records therefore would not support a disability claim related to the injury, and therefore do not undermine the ALJ's decision.  Accordingly, the newly submitted L&I evidence does not provide a basis for remanding this matter to the ALJ for further consideration.

III.  The ALJ's Assessment of Plaintiff's RFC

Plaintiff argues that the ALJ erred in assessing her RFC because she overlooked

ORDER - 6

limitations caused by her arthritis, did not account for her narcotic medication prescriptions, and overstated her activities.  According to plaintiff, the ALJ's RFC assessment is not supported by the record.

  A. *Legal Standards*

  If a disability determination "cannot be made on the basis of medical factors alone at step three of the evaluation process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184, at *2.  A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.  It thus is what the claimant "can still do despite his or her limitations." Id.

  A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id.  However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id.  Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id.  In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

  B. *Arthritis*

  As discussed above, the objective medical record does not establish that plaintiff had any particular functional limitations caused by her arthritis.  The evidence cited by plaintiff (ECF # 10, at 7 (citing AR 23, 26, 456, 576)) does not establish any limitations, either.  Thus, the Court cannot find that the ALJ erred in failing to include unspecified limitations caused by plaintiff's arthritis.  See Valentine v. Comm'r of Social Sec. Admin., 574 F.3d 685, 692 n.2 (9th Cir. 2009)

ORDER - 7

("We reject any invitation to find that the ALJ failed to account for [the claimant's] injuries in some unspecified way.")

### C. *Narcotic Medication*

Plaintiff points to evidence showing that she was prescribed narcotic pain medication during the relevant period. ECF # 10, at 7 (citing AR 265, 453, 595). Plaintiff fails to identify any evidence establishing that these medications caused any particular limitations or side effects, however. She testified that her narcotic medications make her tired, and the ALJ discussed those side effects when discussing her credibility. AR 28. The ALJ found that despite plaintiff's claimed side effects, she was able to maintain an active lifestyle, continued caring for her horses, and performed many household chores. Id. Although plaintiff construes the evidence differently, she has not established that the ALJ's analysis was unreasonable and therefore erroneous. Morgan v. Comm'r of the Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

### D. *Plaintiff's Activities*

Plaintiff lastly challenges the ALJ's RFC assessment on the grounds that the ALJ overestimated her activities. Plaintiff particularly challenges the ALJ's characterization of her as an "active member of the horse community," capable of horseback riding (and lifting 30-pound saddles to do so) and participating in horse shows. ECF # 10, at 7. Plaintiff points to her testimony that she rode her horse once or twice a year, which she claims hardly qualifies her as an "active" member of the horse community. Id.

It is true that plaintiff testified that she rides her horse once or twice per year, but the

ORDER - 8

timeframe of that estimate was in *recent* years (post-dating her DLI). AR 73-74.[3] She also testified that she showed one of her horses until the mid-2000s (AR 53), and that she participated in a gaited horse club until 2006. AR 52. She boarded horses (in addition to the ones that she owned) until 2005, and gave riding lessons to children until 2003. AR 45-46. This testimony reasonably supports the ALJ's characterization of plaintiff as an active member of the horse community during the relevant period.

IV.   The ALJ's Findings at Step Four

Plaintiff argues that the ALJ erred in failing to consider VE testimony that a person who missed twelve days of work per year, or ten days (with some days missed consecutively) would not be able to maintain employment. ECF # 10, at 8-9.

A.   *Legal Standards*

Plaintiff bears the burden at step four of demonstrating that she can no longer perform her past relevant work. 20 C.F.R. §§ 404.1512(a), 404.1520(f); Barnhart v. Thomas, 540 U.S. 20, 25 (2003). A claimant may be found not disabled at step four based on a determination that she can perform past relevant work as it was actually performed or as it is generally performed in the national economy. SSR 82-61, 1982 WL 31387, at *2.

An ALJ may call a VE to determine whether a claimant can perform past relevant work. See, e.g., Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993). An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ to the VE. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The VE's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422

---

[3] The ALJ cited this testimony as evidence that plaintiff continued riding "well after the date last insured." AR 29.

ORDER - 9

(9th Cir. 1988).  Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." Id. (citations omitted).  The ALJ, however, may omit from that description those limitations he or she finds do not exist.  See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

    2.    *Unscheduled Absences*

Plaintiff contends that the medical evidence "clearly" shows that her migraine headaches and anxiety "would likely have [caused] 10-12 days of unplanned absences from work in a year." ECF # 18, at 5 (citing AR 265, 556-66, 577, 602).  None of those cited treatment notes reference any particular limitation related to absenteeism, and thus plaintiff's argument is based on extrapolation and speculation rather than substantial evidence in the record.  Plaintiff has not established that the ALJ erred in failing to include an absenteeism limitation in her RFC assessment or in her VE hypothetical, and thus was not obligated to rely on the VE's testimony regarding a hypothetical claimant who missed 10-12 days of work per year.  See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record.  The ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper.").

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded

///

///

///

///

ORDER - 10

plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 15th day of April, 2014.

                                       Karen L. Strombom
                                       United States Magistrate Judge

ORDER - 11